IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE CUTRONE, et al. ) | |
| ) | No. 20 C 6463 |
| Plaintiffs, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| THE ALLSTATE ) | |
| CORPOATION, et al. ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

This case is before the Court on plaintiffs' motion for leave to take more than ten depositions. For the reasons set forth below, we grant plaintiffs' motion in part.

### Background

Plaintiffs, a putative class, are current and former participants in the Allstate 401(k) Saving Plan (the "Plan"). Plaintiffs bring claims against the Plan's fiduciaries for breach of fiduciary duty and prohibited transactions under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C §§ 1104, 1106. The Plan's fiduciaries include Defendant the Allstate Corporation ("Allstate"), three Defendant-Committees to whom Allstate delegated authority to manage the Plan, and at least 36 individual fiduciary defendants. At least 16 other individuals from Allstate and at least seven third parties were also directly involved in Plan management during the relevant time period.

The instant dispute pertains to whether Plaintiff may conduct more than ten depositions. Specifically, Plaintiffs seek leave to conduct a total of 26 depositions.[1]

## Discussion

### I.  Whether Plaintiffs May Conduct More than Ten Depositions

District courts—and magistrate judges—have broad authority to manage their dockets, including determining the scope of allowable discovery. *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013). Federal Rule of Civil Procedure 30(a)(2)(A)(i) provides that a "party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deposition would result in more than 10 depositions being taken under this rule." Fed. R. Civ. P. 30(a)(2)(A)(i).

Rule 26(b)(1) requires a court to consider the relevance of the proposed deponents' testimony and whether allowing additional depositions would be " 'proportional' to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *LKQ Corp. v. Gen. Motors Co.*, No. 20 CV 2753, 2021 WL 4125097, at *3 (N.D. Ill. Sep. 9, 2021).

Rule 26(b)(2) requires the Court to limit discovery if it determines:

> (i) The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

---

[1] At ECF 85-2, as part of a joint status report filed on March 13, 2023, Plaintiffs listed 29 total proposed depositions with a brief description of the subject to be explored with each deponent. Since that time, Plaintiffs have apparently agreed to remove three of the proposed deponents from the list.

      (ii) The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

      (iii) The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Plaintiffs argue that their request for 26 depositions is necessary and proportionate considering the complexities and scope of the case. Further, Plaintiffs argue that the requested number of depositions is in line with other similar ERISA cases, and that because the need for additional depositions is clear from the outset, there is no need to delay the decision until after Plaintiffs' have exhausted their initial ten depositions.

Defendants argue that Plaintiffs' request is unreasonable, particularly since Plaintiffs have not yet exhausted the ten depositions allowed under the federal rules. Defendants generally claim that the requested depositions will result in duplicative testimony, and that their burden in coordinating and preparing the large number of witnesses for depositions is unjustified.

We find that Plaintiffs have sufficiently demonstrated a need to conduct more than ten depositions. However, considering the burdens on Defendants, we find that Plaintiffs should be limited to 20 initial depositions. As an initial matter, there are at least 36 individual fiduciary defendants, 16 other individuals from Allstate, and at least seven third parties who were directly involved in Plan management during the relevant time period (roughly ten years). There are also four entity defendants subject to Rule 30(b)(6) depositions. Indeed, the sprawling nature of this case weighs greatly in favor of allowing more than ten depositions. As to the other Rule 26 factors raised by the parties, there is agreement that the stakes are high in this litigation: the alleged breach of fiduciary duty caused the loss of millions of dollars in Plaintiffs' retirement savings. Further, the benefit of additional depositions outweighs the burden on Defendants in light of the case's scale and importance.

We now address Defendants' particular objections. First, Defendants assert that much of the testimony sought by Plaintiffs will be duplicative. As an example, Defendants argue that Plaintiffs' identification of five deponents as "Investment Committee members with responsibility for and active involvement in monitoring the Northern Trust TDFs during Mercer's 2020 review of the TDFs," along with a Plan Administrator and Benefits Team member, will require similar and repetitious testimony. However, Defendants do not elaborate on this argument. While the Court would expect that some of these individuals' testimony will overlap, given their collaborative roles on the identified committee, it is also plausible that the individuals will share unique testimony that may shed light on potential violations of fiduciary duty. Therefore, we find Defendants broad claim of duplication is not generally persuasive. Additionally, because we have initially narrowed the scope of Plaintiffs' proposed depositions from 26 to 20, Plaintiffs will need to prioritize the individuals they seek to depose. This should help mitigate any duplicative testimony.

Defendants also take issue with the proposed six depositions of individuals regarding the replacement of the Northern Trust Target Date Funds in 2021. Defendants assert that this topic is largely irrelevant and cannot justify six depositions. Plaintiffs counter that the fiduciaries' decision-making processes and criteria for selecting Northern Trust's replacement funds are inherently relevant to Plaintiffs' claim that the fiduciaries acted imprudently by failing to replace these funds on a timely basis. The Court agrees that this topic is relevant to Plaintiffs' underlying claim, and Defendants make no other Rule 26 arguments as to why all six of these depositions should not proceed. Thus, we find Defendants' objection here to be without merit.

Defendants argue that the coordination of the various individual and corporate depositions is complex, expensive, and burdensome. However, as already mentioned, the

underlying claims in this litigation are complex and inherently require onerous discovery. Thus, the mere proposition that coordinating depositions will be complex and expensive is generally unpersuasive in the context of this broad, high stakes, proposed class action under ERISA. However, because the Court appreciates the burden faced by Defendants, we have narrowed the initial scope of depositions sought by Plaintiffs from 26 to 20.

Defendants' predominant objection is that the Court should not authorize *any* additional depositions until Plaintiffs have exhausted the amount allowed under the Federal Rules (ten). Defendants cite to non-binding caselaw that purportedly supports their argument. Chiefly, Defendants rely on *PeopleFlo Manufacturing, Inc. v. Sundyne, LLC*. There, Magistrate Judge Kim ruled that plaintiff's motion for leave to take more than 10 depositions was premature, in large part because plaintiff had only completed one deposition:

> "[Plaintiff] cannot make the showing it needs to convince the court to permit additional depositions because it has completed only one. No one knows what exactly will result from the next nine depositions—or even, it would appear, who from its list PeopleFlo will select as its next nine deponents. As a result, PeopleFlo is forced to speculate as to the importance and value of going beyond the 10-deposition limit, and such speculation cannot support its arguments in light of Rule 26(b)'s emphasis on proportionality and minimizing expense. Although Rule 30 contains no exhaustion requirement, courts often refuse to expand upon the 10-deposition limit while a party still has depositions available to it precisely because it is difficult to establish necessity for such a departure when opportunities to take depositions without leave of court remain."
>
> *PeopleFlo Mfg., Inc. v. Sundyne, LLC*, No. 20 CV 3642, 2022 WL 1062706, at *4 (N.D. Ill. Apr. 8, 2022)

Additionally, Defendants cite to *Nordock, Inc. v. Systems, Inc.*, where a judge in the Eastern District of Wisconsin ruled that plaintiff failed to show why additional depositions were needed

when it still had two remaining depositions before the ten limit was reached. *Nordock, Inc. v. Systems, Inc*, 2018 WL 1135653 at *2 (E.D. Wisconsin 2018).[2]

However, we find that the unique circumstances of the instant case distinguish it from *PeopleFlo* and *Nordock*. Principally, neither of those cases was a proposed class action under ERISA that involved dozens of defendants over a ten-year period. While the court appreciates Judge Kim's analysis in *PeopleFlo* and agrees that, generally, courts should be wary to permit more than ten depositions when a party has not exhausted the initial ten, we believe there are certain exceptions. Indeed, as noted by Judge Kim, Rule 30 does not *require* exhaustion. Further, Plaintiffs have cited to analogous ERISA cases in which considerably greater than ten depositions were permitted. *See Ramos v. Banner Health*, No.: 1-15-cv-02556 (D. Colo. Jan. 21, 2016) (ECF 87-8 at p. 14) (40 fact depositions); *Fuller v. SunTrust Banks*, Inc., 1:11-cv-00784, (N.D. Ga. Jun. 9, 2016) (ECF 87-9 at 4) (20 fact depositions permitted for both plaintiffs and defendants); *See* Defs.' Corrected Mem. in Supp. Of Mot. to Dismiss or for Summ. J. Based on Statute of Limitations, *Spano v. The Boeing Co.*, No. 06-cv-00743, 2008 WL 4524519 (S.D. Ill. Oct. 1, 2008) (Plaintiff took at least 25 depositions). These cases are strongly persuasive as to the need for more than ten depositions in certain complex ERISA cases, regardless of exhaustion.

Defendants have no response to these cases other than to assert their irrelevance, based on the contention that the number of depositions in those cases was the result of agreements between the parties. However, as Plaintiffs note in their reply, that argument is inapposite. That the parties in analogous ERISA cases *agreed* that significantly more than ten depositions were

---

[2] Defendants also cite to *McDaniel v. Loyola University Medical Center*, 2016 WL 11734769 (N.D. Ill. Mar. 21, 2016). In that case (a wrongful termination and hostile working environment action), Plaintiff sought leave to conduct a total of 44 depositions, but Plaintiff failed to identify 34 of the proposed deponents. The court unsurprisingly denied this request without more clarity as to the proposed additional depositions. However, as with *PeopleFlo* and *Nordock*, the Court finds the circumstances in *McDaniel* to be non-analogous to the instant case.

appropriate speaks directly to the instant dispute—and strongly supports Plaintiffs' position. In summary, while the Court appreciates the principles outlined in *PeopleFlo* and *Nordock*, the Court finds that the unique circumstances of the instant case render Plaintiffs' motion ripe for decision[3] and (generally) proportionate to the needs of the case.

In conclusion, we find that Plaintiffs have made a sufficient showing as to their need to conduct more than ten depositions based on the Rule 26 factors. However, because we our cognizant of the burdens on Defendants, we conclude that Plaintiffs may conduct up to 20 initial depositions rather than 26. After completion of an initial 20 depositions, Plaintiffs must confer with Defendants as to any additional depositions they feel are necessary. If no agreement can be reached between the parties, Plaintiffs must seek leave of Court to conduct any further depositions.

## II.  Defendants' Premature Arguments as to Plaintiffs' Rule 30(b)(6) Notices

In their response brief, Defendants request that the Court provide "guidance" as to how the parties can resolve certain disputes regarding Plaintiffs' four Rule 30(b)(6) notices. Specifically, Defendants raise issues as to the number of notices, the substance of those notices, and, tangentially, whether the 30(b)(6) corporate designees will also require Rule 30(b)(1) depositions, to the extent Plaintiffs request both. However, Plaintiffs represent that the parties have not had opportunity to sufficiently "meet and confer" on some of the 30(b)(6) issues,

---

[3] The Court also notes that Plaintiffs have been unable to complete any depositions due to the impasse they reached with Defendants as to the scheduling of depositions thus far. Accordingly, the lack of depositions completed to date is not attributable to a lack of diligence or unreasonableness on the part of Plaintiffs but rather stems from fundamental disagreement between the parties as to how depositions should proceed in the first instance. The fundamental disagreement between the parties, which has prevented any of the depositions from proceeding forward, further dilutes Defendants' position that a lack of exhaustion requires denying Plaintiffs' motion.

making the Court's involvement premature.[4] Moreover, Plaintiffs indicate that they are willing to continue conferring on the Rule 30(b)(6) notices in effort to streamline the 30(b)(6) subjects of testimony. Plaintiffs' representations demonstrate that Defendants failed to comply with Local Rule 37.2 (and Federal Rule of Civil Procedure 37(a)(1)) in raising certain 30(b)(6) issues in their response brief. "If the parties can resolve an issue on their own, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved." *Slaven v. Great Am. Ins. Co.*, No. 11 C 7993, 2014 WL 4470723, at *1 (N.D. Ill. Sept. 11, 2014).

Thus, because certain issues arising from Plaintiffs' 30(b)(6) notices are not ripe for our involvement, the Court directs the parties to meet and confer on any and all disputes regarding the proposed 30(b)(6) depositions.[5] These conferrals must occur by May 3, 2023. If disputes remain after that time, Defendants must file an appropriate motion by May 10, 2023.

## Conclusion

For the above reasons, the Court grants, in part, Plaintiffs' Motion for leave to take more than ten depositions [87]. Plaintiffs may conduct up to twenty initial depositions. Any additional depositions must be completed through agreement of the parties or by obtaining leave of Court. Further, the parties are ordered to meet and confer regarding any disputes pertaining to the 30(b)(6) depositions Plaintiffs seek to complete, consistent with the instructions herein.

---

[4] Local Rule 37.2 provides in relevant part: "this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's[.]"

[5] The Court notes that two of the 30(b)(6) issues raised by Defendants *may* be ripe for decision: (1) whether Plaintiffs can consolidate all four 30(b)(6) notices into one notice; and (2) whether the 30(b)(6) witnesses will also be required to testify in a personal capacity, to the extent Plaintiffs request both types of depositions. However, because the content of the 30(b)(6) notices is in flux, and because future meet and confers between the parties may impact the substance of the notices—and, consequently, who will be designated as corporate representatives—the Court declines to make any specific rulings as to 30(b)(6) depositions at this time.

**SO ORDERED.**                    **ENTERED:**

**Dated: April 25, 2023**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**